# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **BRANDON MICHAEL JACOBS**, |
| *Pro se* Plaintiff, |
| v. |
| **NATIONAL SECURITY AGENCY**, |
| Defendant. |

Case No. 19-cv-3439 (CRC)

## MEMORANDUM OPINION

Brandon Jacobs alleges that the National Security Agency ("NSA") unlawfully withheld and failed to amend records containing his personal information. Discerning no basis upon which relief can be granted, the Court dismisses the case. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that [] the action . . . fails to state a claim on which relief may be granted.").

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff seeks injunctive relief under the Privacy Act on the grounds that the NSA improperly failed to amend, see 5 U.S.C. §§ 552a(g)(1)(A), (2)(A), and release, see id. § 552a(g)(1)(B), (3)(A), records containing his personal information. Plaintiff's Complaint contains no allegation that he submitted any request to the NSA for release or amendment of information that was rejected. See Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("In both cases a plaintiff, according to the statutory language, must initially seek an amendment or access from the agency and even seek review within the agency before coming to court." (citing 5 U.S.C. §§ 552a(g)(1)(A) & (B); 552a(d)(3) & (1)); McCready v. Nicholson, 465 F.3d 1, 14 (D.C. Cir. 2006) ("Subsection 552a(g)(1)(A)

provides a civil remedy only where an agency 'makes a determination under subsection (d)(3) . . . not to amend an individual's record,' and we have accordingly held that an individual must exhaust administrative remedies before seeking relief under subsection (g)(1)(A)." (alteration in original) (quoting Dickson v. Office of Pers. Mgmt., 828 F.2d 32, 40 (D.C. Cir. 1987)). The Court thus concludes that the Plaintiff's lack of amendment and release claims under the Privacy Act were not properly exhausted. Accordingly, the Court will dismiss them for failure to state a claim.

Plaintiff also appears to invoke the First Amendment to the United States Constitution and the District of Columbia Constitution. See Compl. ¶¶ 5, 6, 8-9, 11. But, the Complaint does not allege a freestanding constitutional claim; it appears to invoke only the "First Amendment rights that are guaranteed [by] (e)(7)." Id. ¶ 1. Section (e)(7) of the Privacy Act does not create a cause of action under the First Amendment. It provides that agencies shall "maintain no record describing how any individual exercises rights guaranteed by the First Amendment . . . unless pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). As best the Court can tell, the Complaint contains no factual allegations from which the Court could conclude that the NSA illegally recorded protected speech. See Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Iqbal, 556 U.S. at 679)).

In any event, the Complaint does not provide a basis for either injunctive or monetary relief. It is an open question in this Circuit whether "an injunction preventing the maintenance or commanding the expungement of government records of an individual's exercise of first amendment rights in violation of (e)(7) of the Privacy Act is properly brought under (g)(1)(A)

(the amendment provision), (g)(1)(D) (the catchall cause of action), or . . . under the Constitution, common law, or the APA." Haase, 893 F.2d at 375. To the extent that Plaintiff seeks an injunction compelling the NSA to amend or expunge protected information, Plaintiff's failure to exhaust administrative remedies bars those claims. See id. ("Even assuming such an action can rest (in whole or in part) on (g)(1)(A), a plaintiff cannot circumvent the exhaustion requirement . . .").

And, to the extent that Plaintiff seeks damages for an alleged violation of Section (e)(7), the Complaint contains no allegations from which the Court could conclude that the NSA "acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4); see also Haase, 893 F.2d at 375 ("No . . . damages [] [a]re authorized for an action under (g)(1)(D) if no intentional conduct [i]s shown."). The Court thus concludes that Plaintiff has not stated a claim for injunctive or monetary relief based on the NSA's alleged illegal recordation of protected speech. Accordingly, the Court dismisses those claims as well.

For the foregoing reasons, the Court dismisses this case. A separate order will accompany this memorandum opinion.

Date: December 24, 2019

CHRISTOPHER R. COOPER
United States District Judge